# COURT OF ERRORS AND APPEALS.

Executors of SAMUEL W. HALL, appellants, and Executors of GERSHOM LAMBERT, respondents.

A mortgage was executed in blank, the sum which it was designed to secure not appearing either upon the mortgage or the registry; but the proviso thereof stated that it was to be void on the payment of (blank,) agreeably to the condition of a bond given by the mortgagor to the mortgagee, of even date with the mortgage, and payable at a day specified. The bond contained the sum.

*Held*, that the mortgage was good against a subsequent mortgagee.

A gave to B a bond and a mortgage to secure the payment thereof; and subsequently gave to C a mortgage on the same land. Afterwards D, an uncle of A, paid, or handed to B, two several sums of money at two different times, taking loose receipts therefor on account of the said bond held by B., and afterwards a further sum as the balance in full on the said bond; and when the last of said sums was so paid or handed to B, the three sums were credited on the bond, the first two on account of the bond, and the last as the balance in full on the said bond; and D took no assignment of the said bond and mortgage given to B, or of either of them.

*Held*, under the proofs of the case, that the said bond and mortgage, in the hands of D, were subsisting incumbrances as against the mortgage held by C.

For the facts of the case, see *ante*, 410.

*P. D. Vroom* for the appellants.

*J. H. Wakefield* and *A. Wurts* for the respondents.

The opinion of the court was delivered by the Chief Justice.

GREEN, C. J.   The controversy in this cause is a question of priority between two mortgagees, each holding a mortgage upon the same premises.

The appellant's mortgage is prior, both in date and registry, but several reasons are assigned why this priority has ceased to exist. It is insisted that it is not a valid mortgage, because it was executed in blank, and the sum which it was designed to secure does not appear either upon the mortgage or registry. The mortgage is clearly a valid operative instrument as between the parties. The mortgage could not be prejudiced in a court of Equity by the accidental omission to insert in the mortgage the sum for which the bond was given. The mortgage is redeemable upon the payment of a sum of money agreeably to the condition of a bond given by the mortgagor to the mortgagee, of even date with the mortgage, and payable at a day specified. There is no room for question as to the identity of the bond. The blank in the bond was filled. The amount for which the mortgage was given could readily be ascertained by recurrence to the bond. ·

It is unnecessary to decide what the effect of the registry of a mortgage in blank would be, as evidence of *presumptive* notice, because there is in this case indubitable proof of *actual* notice of the existence of the mortgage to the agent of Lambert, the subsequent mortgagee. He saw the record in the Clerk's office, and was expressly informed of the amount which the mortgage was intended to secure. Nor can the question fairly arise as to the effect of a conflict respecting the amount of the mortgage between the actual notice and the presumptive notice by the registry. If the registry be available at all as a constructive notice, it can only be for the amount of the mortgage as it really exists. If not notice of this fact, it is not notice at all, and the case stands upon clear proof of actual notice of the real amount secured by the mortgage.

The only remaining question is, whether the mortgage was paid and satisfied, or is still a subsisting encumbrance. The mortgage was originally given on the 1st of May, 1841, to Hugh B. Ely, administrator of John Wilson. It was the first mortgage on the premises, and was given to secure a part of the purchase money. The amount due on the mortgage was subsequently paid in three several payments, not by the mortgagor, but by Samuel W. Hall, the appellant. Receipts for these payments are indorsed on the bond ; the first two payments purporting to

be on account of the bond, and the last purporting to be the bal-ance in full on the bond. The bond and mortgage were not assigned either by parol or in writing. But they were delivered uncanceled to Hall, who had made the payments, and have been retained by him uncanceled, as he insists for his security ; the mortgage remaining uncancelled of record. There is no proof either of a request to assign, or of an agreement to assign the bond and mortgage. The parol proof amounts to this ; that the amount due on the bond and mortgage was advanced by the appellant, at the request of the mortgagor who had made applica-tion to him for a loan of money for that purpose, and that the mortgagee who received the money, understood that it was the intention of the party paying the money not to extinguish the mortgage, but to stand in the place of the mortgagee.

In the present case there is no pretense of fraud attempted or meditated. The circumstances excluded all pretense of fraud. When Lambert's mortgage was recorded, the prior mortgage of Hall was standing in full force, no payment had been made upon it. The payments were all made, not only after Lambert's mortgage had been recorded, but at a time when the mortgagor's property was heavily incumbered by judgments at law. It seems the obvious dictate of justice and equity, that where a third party advances his money in good faith, at the request and for the benefit of the mortgagor, in satisfaction of the mortgage debt, and holds the bond and mortgage in his possession uncan-celed, he should be permitted to stand in the shoes of the mort-gagee, and to have the protection of the mortgage security, although there be no assignment of the security, or even though the mortgagee should absolutely refuse to assign.

It has been the constant policy of a Court of Equity to treat the mortgage either as canceled or outstanding, as shall best promote the ends of justice, and the actual and just intention of the parties. *Starr* v. *Ellis.* 6 *John Chan. R.* 395; *Neville* v. *Demeritt,* 1 *Green's Chan. R.* 336.

I am of opinion that the mortgage executed by William Hall and wife to Hugh B. Ely, administrator of Wilson, and by him assigned to the appellant, is a valid and subsisting lien and in-

cumbrance upon the premises therein described, and is entitled to priority over the mortgage of the respondent.

The decree of the Chancellor should be reversed, and the record remitted to be proceeded in agreeably to law, and the opinion of this court.

In this opinion the court concurred, except Risley, Judge, who dissented.

Decree reversed.